# EXHIBIT A



ROGER L. SCHOTT
CIRCUIT COURT CLERK
LAUREL CIRCUIT & DISTRICT COURTS
LAUREL COUNTY JUDICIAL CENTER
305 SOUTH MAIN STREET, P.O. BOX 1798
LONDON, KENTUCKY 40743-1798



CERTIFIED MAIL

7016 3560 0000 0831 9669



U.S. POSTAGE >> PITNEY BOWES
ZIP 40741 $011.98
02 4W
0000340087 MAY. 15. 2018

CT Corporation System
306 W. Main Street, Ste 512
Frankfort, Ky 40601

4060181840 C003



Roger Schott, Laurel Circuit Clerk
305 S. Main St.
London, KY, 40741

CT CORPORATION SYSTEM
306 W. MAIN STREET, STE. 512
FRANKFORT, KY 40601



## KCOJ eFiling Cover Sheet

Case Number: 18-CI-00392

Envelope Number: 1008725

Package Retrieval Number: 10087257444013@00000174706

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 11.98

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Package:000001 of 000009

Presiding Judge: HON. GREGORY A. LAY (627226)

Package : 000001 of 000009

Page 1 of 1    Generated: 5/15/2018 11:48:21 AM

| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **18-CI-00392**<br>Court:   **CIRCUIT**<br>County: **LAUREL** |

*Plantiff,* BRYANT, RICKY VS. WAL-MART STORES, INC., ET AL, *Defendant*

**TO:   CT CORPORATION SYSTEM**
   **306 W. MAIN STREET, STE. 512**
   **FRANKFORT, KY 40601**

Memo: Related party is WAL-MART STORES, INC.

The Commonwealth of Kentucky to Defendant:
**WAL-MART STORES, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Roger Schott, Laurel Circuit Clerk
Date: **05/15/2018**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

  To: _____

☐ Not Served because: _____

Date: _____, 20 _____

                                                Served By _____

                                                Title _____

Summons ID: 10087257444013@00000174706
CIRCUIT: 18-CI-00392 Certified Mail
BRYANT, RICKY VS. WAL-MART STORES, INC., ET AL



Page 1 of 1

**eFiled**

Presiding Judge: HON. GREGORY A. LAY (627226)
Package : 000002 of 000009

Filed          18-CI-00392    05/15/2018          Roger Schott, Laurel Circuit Clerk

## COMMONWEALTH OF KENTUCKY
## 27TH JUDICIAL CIRCUIT
## LAUREL CIRCUIT COURT
## CIVIL ACTION NO. 18- CI - _____

RICKY BRYANT,                                                                PLAINTIFF

-VS.-

WAL-MART STORES INC.,
WALMART INC.,
WAL-MART STORES EAST, LIMITED PARTNERSHIP,                                   DEFENDANTS.

### VERIFIED COMPLAINT

Comes now the Plaintiff, Ricky Bryant, by and through the undersigned counsel, and for his Complaint against the Defendant, Wal-Mart Stores, Inc., Walmart Inc., Wal-Mart Stores East, LP states as follows:

1. The Plaintiff, Ricky Bryant, is and was at all times relevant hereto, a Kentucky resident residing at: 4300 White Oak Road, London, Laurel County, Kentucky 40741.

2. The Defendants, Wal-Mart Stores, Inc., Walmart Inc., Wal-Mart Stores East, LP, are and were at all times relevant hereto, a Foreign Corporation registered to do business within the Commonwealth of Kentucky. Defendants have a principal office located at: 702 S.W. 8th Street Bentonville, Arkansas 72716-0215. The Defendant designates CT Corporation System, 306 W. Main Street, Suite 512 as its registered agent for service of process within the Commonwealth of Kentucky.

3. At all times relevant to this Complaint, Defendants were an "employer" in accordance with the Kentucky Civil Rights Act, K.R.S. 344.030(2).

4. At all times relevant to this Complaint, Plaintiff was over the age of forty (40).

Filed          18-CI-00392    05/15/2018          Roger Schott, Laurel Circuit Clerk

Filed                18-CI-00392    05/15/2018           Roger Schott, Laurel Circuit Clerk

5. Plaintiff was hired by defendants on August 30, 1996 as a full time salaried Quality Control Manager for the Wal-Mart Distribution Center located at: 3701 Russell Dyche Memorial Highway, London, Laurel County, Kentucky 40741.

6. At all times relevant to this Complaint, Plaintiff was an "employee" in accordance with the Kentucky Civil Rights Act, K.R.S. 344030(5).

7. The duties and responsibilities of a Wal-Mart Quality Control Manager consisted of oversight of the following: (1) Wal-Mart's Seafood Hazard Analysis Critical Control Points Plan; (2) Wal-Mart's fruit ripening program; (3) Walmart's cold chain compliance within the distribution center to ensure products are kept at proper room temperature; (3) communication on product quality to the distribution center; (4) quality, freshness, and food safety of grocery products in a distribution center as they flow from suppliers through distribution centers to stores and clubs. Additionally, Plaintiff: (1) prepared distribution center overhead budgets; (2) provided recommendations to improve the quality of perishable products; and (3) provided supervision and development opportunities for associates.

8. While employed by Defendants, Plaintiff was a top performer with excellent performance reviews, regular salary increases, bonuses, retirement, benefits and medical insurance.

9. Defendant performed semi-annual and annual evaluations of the Plaintiff's performance from his hire date through July 2015. Defendant's evaluations of Plaintiff were consistently positive.

10. At no time throughout Plaintiff's employment was he ever reprimanded, suspended or placed on any type of educational or correctional plan.

11. On August 19, 2015, Plaintiff was diagnosed with Chronic Myeloid Leukemia. In spite of said medical condition, Plaintiff continued to perform his job duties at a high level.

Filed                18-CI-00392    05/15/2018           Roger Schott, Laurel Circuit Clerk

12. On September 15, 2015, Plaintiff informed his Regional Manager, Denise Judge, about his diagnosis and that he was receiving medical treatment for his condition.

13. On March 16, 2017, Plaintiff had a meeting and evaluation with Vice President Charles Tillman and Regional Manager, Jeff Heins, (hereinafter, "meeting"). Both knew Plaintiff was over 40 years of age.

14. During the March 16, 2017 meeting, Plaintiff informed Tillman and Heins of his medical condition.

15. During the March 16, 2017 meeting, both Tillman and Heins commented on Plaintiff's age and medical issues. They also questioned Plaintiff on whether his age and medical issues would allow him to work into the future. Plaintiff reassured Tillman and Heins that neither would impact his performance.

16. Following the March 16, 2017 meeting, Plaintiff had a positive review and evaluation.

17. On March 16, 2017, Plaintiff's medical condition was being managed through appropriate medical care; thus, enabling him to work.

18. On May 1, 2017, Plaintiff was told by Human Resources Manager, Heather LNU, that one of his associates was being "investigated" for a violation of the Wal-Mart language use policy. At no point was Plaintiff ever questioned about said alleged incident.

19. At no point during Plaintiff's employment with the Defendants was he ever made aware or instructed of a language use policy.

20. On May 16, 2017, Regional Manager, Jeff Heins, convened a meeting with Plaintiff and Vice President, Chuck Tillman. During said meeting, Plaintiff's employment was terminated. The reasons stated to Plaintiff for his termination were that "Plaintiff did not hold an associate

accountable for a language use violation" and that Plaintiff was "permitting a hostile work environment."

21. The Defendant failed to provide Plaintiff readily accessible information concerning its policies and/or rules for conduct.

22. The Plaintiff did not knowingly violate a reasonable and uniformly enforced policy and/or rule of the Defendant.

23. Defendant had no cause to terminate Plaintiff for the reasons stated and used them as an excuse to terminate Plaintiff for other reasons.

24. Defendant knowingly and willfully terminated Plaintiff's employment because of Plaintiff's age, in violation of the Kentucky Civil Rights Act.

25. Defendant knowingly and willfully terminated Plaintiff's employment in violation of The Americans with Disabilities Act (ADA) and the Family and Medical Leave Act of 1993 (FMLA).

26. Defendant discriminated against Plaintiff and interfered with his rights to exercise the Family Medical Leave Act of 1993 (FMLA).

27. Plaintiff was qualified for the position from which he was discharged.

28. Defendant replaced Plaintiff with a younger person, not even within the protected age range of over thirty-nine years of age.

29. Defendant replaced Plaintiff with a younger person at a significantly lower compensation and benefits rate of pay.

30. Defendant replaced Plaintiff with a younger person that lacked the skills and experience of the Plaintiff.

Filed                18-CI-00392    05/15/2018            Roger Schott, Laurel Circuit Clerk

31. Pursuant to 29 U.S.C. 2617, Plaintiff is entitled to judgment enjoining such unlawful conduct, judgment for actual damages sustained, judgment for court costs incurred, judgment for reasonable attorney's fees incurred and judgment for all other remedies provided by 29 U.S.C. 2610.

32. As a direct and proximate result of Defendants' actions, Plaintiff has incurred wage, bonus, and benefit losses in amounts which are yet to be determined.

33. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to suffer physical pain, emotional distress, mental anguish, humiliation, embarrassment and personal indignity resulting in damages in an amount which is yet to be determined.

34. Defendants' actions were intentional, willful and malicious, and carried out with flagrant indifference to Plaintiff's rights. Plaintiff is entitled to and should be awarded Punitive Damages against the Defendants to deter future similar conduct.

35. Venue is proper as the actions stated herein occurred within Laurel County, Kentucky.

36. All claims made herein exceed the jurisdictional limits.

**WHEREFORE**, Plaintiff, Ricky Bryant, respectfully prays for the following relief:

1. The Plaintiff recovers a judgment against the Defendant for damages as set forth in this Complaint in an amount exceeding the jurisdiction limits of this Court;

2. Interest on said judgment at the legal rate from the date of judgment:

3. Prejudgment interest as allowed by law;

4. For attorney fees and costs herein;

5. For a trial by jury;

6. For any and all other proper relief, both legal and equitable to which Plaintiffs may appear entitled.

Filed                18-CI-00392    05/15/2018            Roger Schott, Laurel Circuit Clerk

Filed          18-CI-00392   05/15/2018           Roger Schott, Laurel Circuit Clerk

## VERIFICATION

The foregoing allegations are true and accurate to the best of my knowledge and belief.

_____
RICKY BRYANT

STATE OF KENTUCKY
COUNTY OF WHITLEY

Subscribed and sworn to before me by Ricky Bryant, this the __14__ day of May 2018.

_____
NOTARY PUBLIC

MY COMMISSION EXPIRES: 10-20-21

Filed          18-CI-00392   05/15/2018           Roger Schott, Laurel Circuit Clerk

Respectfully submitted,

*(signature)*

Paul K. Croley II, Esq.
*Croley, Foley & Cessna*
222 N. Main St.
P.O. Box 5141
London, KY 40745-5141
Telephone: (606) 862-4800
Facsimile: (606) 877-1616